

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 27, 1939

Honorable Allen C. Wilson
County Attorney
Boerne, Texas

Dear Sir:  Opinion No. O-116
Re: Filing brief when asking
for opinion

We have your letter of January 26, and appreciate the circumstance that you are in when it comes to the matter of briefing these questions.

Within the next several days we will send you an opinion on the question which you presented.

Hereafter, when you request an opinion, it might avoid having it sent back with the request for a brief by your mentioning in your request that you do not have the facilities necessary to prepare one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Geen R. Lewis*
Assistant

GRL:FG

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

Honorable Allen C. Wilson
County Attorney
Boerne, Texas

Dear Mr. Wilson        Opinion No. O-116
                              Re: Qualification of Deputy
                              Sheriff

      Your letter of January 12, 1939, requesting an opinion
has been received by this Department. The pertinent portions of
your letter being as follows:

      "On January 1 a new sheriff, collector and as-
sessor assumed the duties in this county and being
inexperienced he has appointed as one of his depu-
ties a man whose residence is outside this county.

      "I would like to have your opinion as to
whether or not this is legal and whether he can pay
this person out of the fees of office or whether he
can only employ him to assist and pay him out of his
personal funds. Further, is a deputy supposed to
have the same qualifications as to residence, etc.,
as the elected officer."

      It is the opinion of this Department, and you are so ad-
vised that it would be legal for the sheriff to employ as a deputy
a person who is a non-resident of the county. In this connection,
it is assumed that the deputy, upon appointment, has moved, or will
move, his residence to the county where he expects to serve, com-
plying with Article 16, Section 14, of the Constitution.

      The statutes of Texas do not prescribe any specific qual-
ifications for a deputy sheriff. He is empowered to perform the
duties of the sheriff, and upon his appointment to the office, he
is required to take the oath that is administered to other public
officials as is provided in Article 16, Section 1, of the Consti-
tution of the State of Texas. If he can meet the qualifications
of this oath, he can legally qualify as a deputy sheriff. Rehmel
vs. Board of Suprs., 154 N.W. 596 (Iowa). See also, Harkreader vs.
State, 33 S.W. 117.

In answer to the question with reference to how the deputy should be paid, your attention is directed to Article 3902, Revised Civil Statutes of Texas, which provides the maximum amount to be paid to deputy sheriffs. It is the opinion of this Department, and you are so advised, that salaries should be paid out of the fees of office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _George P. Kirkpatrick_
                Assistant

GPK:FG

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS